IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARITO CHAVEZ-QUIROZ | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1140-M |
| | § | NO. 3-03-CR-144-M |
| | § | |
| UNITED STATES OF AMERICA | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

A jury convicted defendant of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2). Punishment was assessed at 108 months confinement, followed by supervised release for a period of three years. His conviction and sentence were affirmed on direct appeal. *United States v. Chavez-Quiroz*, 142 Fed.Appx. 806, 2005 WL 1792846 (5th Cir. Jul. 28, 2005), *cert. denied*, 126 S.Ct. 1116 (2006).

On June 15, 2006, Petitioner filed a motion for post-conviction relief under 28 U.S.C. § 2255. The motion was denied. *United States v. Chavez-Quiroz*, No. 3-06-CV-1066-M, 2006 WL 3487012 (N.D. Tex. Dec. 4, 2006), *COA denied*, No. 06-11338 (5th Cir. Dec. 11, 2007). On

November 24, 2009, Petitioner filed a motion for a new trial, which the Court construed as a successive § 2255 petition. On January 10, 2010, the Court dismissed the petition as successive.

On May 18, 2011, Petitioner filed the instant § 2255 petition. He argues his conviction for illegal reentry was unlawful because of the citizenship of his mother.

## II. Discussion

Petitioner previously filed two section 2255 motions. To file a second or successive motion for post-conviction relief, defendant must show that the successive motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3). The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

The Court hereby recommends that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 8th day of June, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).